DEN *ex dem* BRAY and others *v.* FEN, NANCY DRAKE, Tenant.

1. A declaration in ejectment served on the 18th requiring an appearance on the 28th is a sufficient service.

2. Where a statute requires service for a fixed number of *days,* the mode of computation is to include the day of service or the appearance, and to exclude the other; but where a number of *entire days* are required, both the day of service and the day of appearance are to be excluded.

3. Where the defendant's attorney filed a consent rule without a *plea,*. and after having agreed to exchange consent rules with the plaintiffs' attorney at home, neglected when called upon, to plead without a rule for that purpose, and the plaintiffs' attorney took judgment for default of a plea, against the casual ejector—held the judgment was regular.

4. It is the usual course of practice to file the plea with the consent rule; and this practice ought not to be deviated from without the sanction of this Court previously obtained.

Judgment by default against the casual ejector was entertained at the last term, and an execution of *Habere facias possessionem* issued and executed, which

*Scudder,* of counsel with the tenant now moved to set aside, 1st. Because the declaration in ejectment was not seasonably served, having been delivered to the tenant on the 18th of February, and the day of appearance mentioned in the notice was the first day of the term, the 28th of February. He read the statute *Rev. Laws* 425, *sec.* 91, which requires "ten days' previous notice." 2d. Because the attorney of the tenant had entered an appearance in the clerk's book, and delivered to the clerk to be filed, a consent rule, and had therefore performed all that was incumbent on him to prevent a judgment by default, to which the plaintiff could not have entitled himself without filing a declaration *de novo* and taking a rule to plead. He cited *Adams on Ejectment,* 181–2, 219, 323, 232, 236.

The court declined hearing an answer from the plaintiffs' counsel on the first objection, and remarked it was well settled and had been repeatedly ruled that where a statute requires notice for a fixed number *of days,* the mode of computation is to include the day of service or the day of appearance, and to exclude the other, but where a number of *entire days* are required, both the day of service and the day of appearance are to be excluded. Hence in the present case "ten days' previous notice" had been given.

*Scott,* for the plaintiff, read a written statement of the facts signed by the attorneys of the *parties,* (which *Scudder*

Den *ex dem v.* Fen.

said he had not before seen) from which it appeared that the defendant's attorney did not attend the court in person of February Term, but caused the appearance to be entered by another person in his behalf, who informed the plaintiff's attorney that the attorney of the defendant, [both residing in the same town] would exchange the consent rules with him at home at any time. The attorney of the plaintiffs thereupon drew a declaration *de novo,* and called on the defendant's attorney to exchange the rules and give him a plea so that the cause might be taken to trial at the Circuit Court in Somerset county (where the lands lie) in April. He refused so to plead, and to plead at all, without farther rule to plead. The consent rule delivered to the clerk is not signed by the plaintiff's attorney.

He then insisted that the attorney of the defendant had not acted in good faith ; but by device to avoid a trial at the April Circuit, and to retain without pretence of right, the possession of the premises.

He farther insisted that a plea should have accompanied the consent rule delivered to the clerk ; that they are simultaneous acts, 2 *John. cases* 110 ; and without the plea the plaintiff was entitled to judgment.

BY THE COURT.—The issue in actions of ejectment being formed in our practice more summarily than in other actions, the court has been liberal in the exercise of their discretion to protect the defendant from the inconvenience which in some cases may hence result, where the action is commenced very near the term, the circuit in close succession, a real defence intended, and involving matters of intricacy and complexity, requiring laborious and careful preparation ; and the mode heretofore pursued has been by an extension of the time of entering into the common or consent rule. In the present instance if such application had been made at February Term, and a proper case sustained, the court would doubtless have allowed time.

In our practice the plea is usually handed with the consent rule to the attorney of the plaintiff. *Den* v. *Wilson*, 2 *South.* 680, by *Kilpatrick*, C. J. " In practice, the issue is always joined when the consent rule is entered into." It is not intended here to say, because not necessary, whether this is indispensable in all cases; when it may be departed from, an application to the court however is certainly to be commended. But from the usual practice, and the common acceptation of the phrase "exchange the consent rules," the plaintiff's attorney was fully warranted in understanding that the plea was to accompany the rule, and if a different course was intended, that candor so honorable, so useful, nay, so indispensable in professional intercourse, required the attorney of the defendant to have mentioned his intention. This judgment is in our opinion regular, and

The motion overruled.